# IN THE COURT OF APPEALS OF IOWA

No. 23-1462
Filed October 30, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTHONY HERNANDEZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cass County, Margaret Reyes, Judge.

A defendant appeals following his guilty plea to possession of a controlled substance, raising challenges to the plea and sentence. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., and Greer and Schumacher, JJ.

**TABOR, Chief Judge.**

Anthony Hernandez appeals his judgment and sentence after he pleaded guilty to possession of a controlled substance. He alleges seven errors by the district court. We address the sentencing claims and find no error. But the other allegations go to his guilty plea. Although we have jurisdiction to hear his appeal, we lack authority to hear those claims because Hernandez did not move in arrest of judgment. So we affirm the judgment and sentence.

I.      **Facts and Prior Proceedings**

In July 2023, the State charged Hernandez with one count of possession of a controlled substance with intent to deliver, methamphetamine, and one count of failure to affix a drug tax stamp, both felonies. That same month, Hernandez filed a written waiver of rights and plea of guilty.

Under the plea agreement, Hernandez would be sentenced to an indeterminate term of ten years for the possession count, and the State would dismiss the tax stamp count. Within the agreement, Hernandez waived many of his rights. Citing Iowa Rule of Criminal Procedure 2.23(3)(d), he agreed, "I hereby waive my right of allocution." The written plea also advised him of the need to move in arrest of judgment and that by proceeding immediately to sentencing, he agreed to waive any right to challenge defects in the plea or plea proceeding. Hernandez filed no motion in arrest of judgment, and the court sentenced him as provided in the plea agreement. Hernandez appeals.

II.     **Jurisdiction or Authority to Consider Guilty-Plea Claims**

First, we address our jurisdiction and authority to hear Hernandez's claims. Since 2019, the Iowa Code has limited the right of appeal following guilty pleas,

requiring defendants to show good cause in all but limited circumstances. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Because Hernandez challenges his sentence, he has good cause to appeal. *Id.* That good cause gives us jurisdiction over the entire appeal. *See State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023). Still, five of Hernandez's seven claims relate to defects in his plea proceeding, not his sentencing.[1] We lack authority to hear those challenges because he did not move in arrest of judgment. *Id.* at 146–48 (holding Iowa Rule of Criminal Procedure 2.24(3)(a) and Iowa Code section 814.7 bar challenges to guilty pleas when the defendant fails to raise those claims in a motion in arrest of judgment). So, we only address Hernandez's sentencing claims.

### III.     Standard of Review

We review sentences for correction of legal error. *Damme*, 944 N.W.2d at 103. We reverse only if the sentencing court abused its discretion or there was some defect in the sentencing procedure. *State v. Grubbs*, 3 N.W.3d 229, 230 (Iowa Ct. App. 2023). An abuse of discretion occurs when the court bases its decision on untenable grounds or faulty reasoning. *Id.* at 230–31.

### IV.     Analysis

Hernandez contends the sentencing court erred when it failed to ask him if there was any legal cause why judgment should not be pronounced (in violation of Iowa Rule of Criminal Procedure 2.23(2)(b)) and failed to allow him the chance to

---

[1] In those guilty-plea challenges, Hernandez criticizes the court's failure to advise him of five things: 1) the minimum and maximum penalties; 2) possible collateral consequences; 3) possible immigration consequences; 4) that he was waiving his right to a trial; and 5) the nonbinding nature of the plea agreement.

speak in mitigation of punishment, otherwise known as the right to allocution (in violation of Iowa Rule of Criminal Procedure 2.23(2)(d)(3)).[2]

At sentencing, the court advised Hernandez of his trial rights, appeal rights, and the opportunity to delay sentencing. Hernandez stated he wished to go ahead with sentencing. The State argues that his decision invited any error in the sentencing court's colloquy and that Hernandez cannot complain about it on appeal. Beyond waiver, the State contends that the sentencing court substantially complied with the rules.

Here, before imposing sentence, the court asked defense counsel: "Any statements that you wish to make on Mr. Hernandez's behalf or that Mr. Hernandez wishes to make?" Hernandez argues that rule 2.23(2)(b) requires the court to address this question to the defendant personally, rather than speaking only to counsel. When assessing this claim, we avoid a "hyperliteral reading of the rules of procedure." *State v. Jackson-Douglass*, 970 N.W.2d 252, 258 (Iowa 2022). "Substantial compliance is sufficient." *Id.* In that case, the court asked Jackson-Douglass if there was "anything he'd like to tell the Court," and the supreme court found that inquiry substantially complied with rule 2.23(2)(b). *Id.* (cleaned up).

Hernandez distinguishes his case from *Jackson-Douglass* because the court did not address him directly. True, the court's question was somewhat casual and imprecise. Yet by asking his attorney whether Hernandez wanted to make

---

[2] Although Hernandez asks the court to analyze his claims under both the state and federal constitutions, he does not explain how the Iowa Constitution should be applied differently. When that happens, we apply federal precedent. *See State v. White*, 9 N.W.3d 1, 12 (Iowa 2024).

any statement, the court invited Hernandez to speak. We find this substantially complied with the rule.[3]

As to the court's failure to provide an opportunity for allocution under rule 2.23(d)(3), Hernandez waived that right in his written guilty plea. And beyond waiver, the sentencing court's inquiry allowed Hernandez to make any statement and achieved substantial compliance with rule 2.23(d)(3). Finding no error, we affirm the judgment and sentence.

**AFFIRMED.**

---

[3] When deciding substantial compliance, we also note the language used when informing the defendant of the judgment under rule 2.23(2)(b) differs from opportunity to speak in mitigation of punishment under rule 2.23(2)(d)(3). Only the second provision mentions addressing "the defendant personally." When drafters selectively place language in one section and avoid it in another, we presume the difference was intentional. *See Myers v. City of Cedar Falls*, 8 N.W.3d 171, 179 (Iowa 2024).